AMANDA W. SAVAGE *vs.* FRANCIS A. HALL.

A quitclaim deed from a mortgagee, after breach of the condition of the mortgage, to a purchaser of the equity of redemption from the mortgagor's assignee in insolvency, does not merge the mortgage, for the benefit of the mortgagor's widow, who joined in the mortgage to release dower.

BILL IN EQUITY by the widow of George Savage to redeem land from a mortgage and to establish her right of dower therein. The case is stated in the opinion.

*A. A. Ranney & N. Morse,* for the plaintiff, besides cases cited in the opinion, cited Rev. Sts. *c.* 60, § 2; *Eaton* v. *Simonds,* 14 Pick. 98; *Newton* v. *Cook,* 4 Gray, 46; *Wade* v. *Howard,* 6 Pick. 492, and 11 Pick. 289; *Loud* v. *Lane,* 8 Met. 517; *Lund* v. *Woods,* 11 Met. 566; *Macomber* v. *Cambridge Mutual Fire Ins. Co.* 8 Cush. 133; *Robinson* v. *Leavitt,* 7 N. H. 100, 101; *Bell* v. *Woodward,* 34 N. H. 96; *Simonton* v. *Gray,* 34 Maine, 50; *Freeman* v. *Paul,* 3 Greenl. 260; *Starr* v. *Ellis,* 6 Johns. Ch. 395; *Gardner* v. *Astor,* 3 Johns. Ch. 53; *Woodbury* v. *Aikin,* 13 Ill. 639; *Converse* v. *Cook,* 8 Verm. 170, 3 Pow. Mortg. 1087 & note; 1 Cruise Dig. *tit.* 8, *c.* 2, § 36.

*J. P. Healy,* for the defendant.

DEWEY, J. The question in the present case is whether the mortgage set forth in the bill, made by George Savage, the husband of the plaintiff, and to which she was also a party for the purpose of releasing her right of dower, has been foreclosed. If so, then her bill seeking to redeem the same must be dismissed.

It is conceded that on the 4th of January 1851 the mortgagees entered upon the premises for condition broken, and took possession of the same for the purposes of foreclosure, and caused the proper certificate of such entry to be recorded in the registry of deeds; and that the possession was continued by them and those holding under them to the 3d of January 1854, when the same was transferred to John M. Clark, by a deed of quitclaim, subject to said mortgage, "which said Clark assumes." Clark continued said possession until after the expiration of three years from the time of the original taking possession by the mortgagee. These conveyances and acts connected therewith to perfect the foreclosure would, independently of certain other facts relied upon by the plaintiff, unquestionably have given to Clark a perfect and absolute title to the premises. There can be no doubt but that a mortgagee, who has entered for foreclosure, has a legal estate which may be alienated and legally transferred by a deed of quitclaim; and that unless the premises are redeemed from such last grantee within the period limited by law, the estate will become absolute in him.

The only ground for questioning the absolute title of the present defendant, who holds under Clark, arises from the fact that Clark had become the owner of the equity of redemption of the estate by a purchase and conveyance of the same from Frederick Jacobs, assignee under the insolvent laws of George Savage, before he took the conveyance from the mortgagees. Standing in this relation to the estate, it is contended on the part of the plaintiff that upon the union of the two estates in Clark on the 3d of January 1854, the mortgage was extinguished, and is from that time to be deemed to have been paid and discharged, or at least that it prevented a foreclosure of the mortgage by Clark. But this position cannot be maintained.

This subject has been frequently before this court and fully considered. *Gibson* v. *Crehore*, 3 Pick. 475. *Hunt* v. *Hunt*, 14 Pick. 374. *Freeman* v. *M'Gaw*, 15 Pick. 82. *Brown* v. *Lapham*, 3 Cush. 551. These cases fully sustain the right of the owner of the equity of redemption to become the assignee of the mortgage, that it may be transferred by a deed of quitclaim, and that such assignment, when thus taken, does not extinguish the mortgage. Such merger is held not to take effect where the manifest interest of the party taking such conveyance is to acquire the mortgage interest. Especially such merger does not take effect where the interest of the party requires that he should continue to hold his two different titles distinct to protect him against some other interest which would intervene between the two estates in case they were held to be merged.

In the present case the court are of opinion that the mortgage was not extinguished by the conveyance from the mortgagee to Clark, and that the estate became absolute in him by the foreclosure of the mortgage. *Bill dismissed.*